GRANT COUNTY LUMBER COMPANY *v.* MARLEY ET AL.

[No. 14,931. Filed September 28, 1934. Rehearing denied December 15, 1934. Transfer denied February 18, 1935.]

*William D. Homer,* for appellant.

*Condo, Van Atta & Batton,* for appellees.

DUDINE, J.—Appellant filed suit against appellees to foreclose a mechanic's lien for materials furnished and used in the repair of a dwelling house.

The complaint was in one paragraph and in the usual form of complaint for foreclosure of a mechanic's lien. Appellees answered with a general denial and plea of payment, and appellent replied to the plea of payment with a general denial. The cause was submitted to the court for trial without a jury, and the court found for appellees and rendered judgment accordingly.

Appellant filed a motion for new trial which was overruled, whereupon appellant perfected this appeal, assigning the court's action on said motion as the sole error relied upon for reversal. The causes for new trial assigned in the motion therefor and discussed in appellant's brief are that the decision of the court is, (1) not sustained by sufficient evidence, and (2) contrary to law.

Appellees have not filed any answer brief, therefore if appellant shows *prima facie* reversible error the

judgment should be reversed, but it is our opinion that appellant has not shown *prima facie* reversible error.

Appellant's brief represents that the evidence shows that appellees purchased building materials from appellant in the total sum of $351.32, and used them in the repair of their dwelling; that on October 15, 1930, within sixty days after said purchase, appellant filed a notice of its intention to hold a mechanic's lien against said dwelling. Appellees bought materials of the value of $5.57 after said notice was filed. On October 14, 1931, appellant filed its complaint and had summons issued thereon, but that summons was not served, and no summons was served on appellees until December 18, 1931. On October 15, 1931, appellee Charles Marley called at appellant's office and requested a statement of the account and appellant's manager in charge of appellant's business gave him a statement of account, which was not itemized, but merely showed $356.89 due. (This amount is the total of said sums of $351.32 and $5.57.) On October 27, 1931, appellee Charles Marley returned to appellant's office, and paid appellant's manager $356.89, and the manager gave him a receipt for that amount on which the manager wrote "in full to date." Nothing was said about interest on the account, or attorney fees incurred by the mechanic's lien foreclosure proceeding.

The evidence clearly shows that neither the manager nor the appellee knew anything about the foreclosure suit until after the payment was made and receipt issued.

Appellant contends that upon the filing of the notice of intention to hold a mechanic's lien showing a liquidated indebtedness, interest at six per cent on the amount stated in the notice, from the date thereof, became part of the debt (citing Sec. 9330, Burns 1926,

§19-2003, Burns 1933, §9995, Baldwin's 1934), and that upon the filing of the complaint in foreclosure a reasonable attorney fee for the services of its attorney became part of the debt (citing Sec. 9837, Burns 1926, §43-707, Burns 1933, §10510, Baldwin's 1934). Appellant further contends that the payment made was only a partial payment and the "promise or agreement of the appellant made by the words, 'In full to date' in the receipt is without consideration, and have no legal effect."

Sec. 9837, Burns 1926, *supra*, authorizes a recovery of a reasonable attorney fee only when "the plaintiff or lien holder shall recover a judgment," therefore we can not reverse the judgment because of the court's failure to allow appellant an attorney fee, unless we determine that the court should have allowed appellant a judgment on the account, or for interest on the account.

It must be admitted that a creditor can accept a payment of the principal of an account in full settlement of the account, although it was liquidated and agreed upon long before and although the creditor was entitled to interest thereon. The interest authorized by law to be charged may be waived.

Whether or not appellant intended to waive the interest must be ascertained from the terms of the receipt if possible. Oral evidence would have been admissible to explain the terms of the receipt, but none was offered. In the absence of explanatory evidence, the meaning of the phrase "in full to date" is clear; it means that the receipt was a receipt in full settlement of the account and all matters incident thereto.

Appellant having by the execution and delivery of said receipt waived any rights he had to collect interest on the account, and appellee Charles Marley having paid the principal of the account, appellant was not entitled to any judgment on the

account or foreclosure on the lien. Appellant not being entitled to any judgment, he was not entitled to any attorney fee by virtue of Sec. 9837, Burns 1926, *supra*.

We deem it expedient to note that the manager's authority to accept payments on account was not questioned, and that it was not contended that appellees obtained the receipt fraudulently, or that it was issued through mistake of fact.

We hold the evidence is sufficient to sustain the decision and that the decision is not contrary to law.

Judgment affirmed.